UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEONDERY CHAMBERS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-2402-CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to appoint counsel. After considering the motion and the pleadings, the motion will be denied.

In his motion, movant seeks appointment of counsel because his criminal defense lawyer "excused herself from my case." Unlike movant's criminal case, however, there is no constitutional or statutory right to appointed counsel in a civil case such as this motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984); *see also* 18 U.S.C. § 3006A(a)(2)(B) (governing appointment of counsel for movant's seeking relief under § 2255). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the movant has presented non-frivolous allegations supporting his prayer for relief; (2) whether the movant will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the movant's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Movant has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. For these reasons, the Court will deny movant's motion for appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for appointment of counsel is **DENIED**. [ECF No. 4]

Dated this 19th day of September, 2019.

_Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE